IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA MARIA BARNES-DUCAN  :
                          :
    Appellant              :
                          :
v.                        :    Case No.: 09cv1178
                          :
ESTATE OF MORRIS BATTLE    :
LANE PLOTKIN              :
JOHN ARNESS, III          :
LIEBNER & PLOTKIN, P.C.    :
TIMOTHY P. BRANIGAN       :
                          :
    Appellees              :
                ooo0ooo

APPEAL FROM THE ORDER FINDING THE DEED OF TRUST DATED AUGUST 22, 1991, RECORDED IN LIBER 9932, AT FOLIO 078, AMONG THE LAND RECORDS OF MONTGOMERY COUNTY IS A VALID AND SUBSISTING DEED OF TRUST

**APPELLANT'S BRIEF**

**Joseph L. Gibson, Jr.**
Bar No. 08420
6811 Kenilworth Avenue, Suite 210
Riverdale, Maryland 20737
(301) 277-0770

Attorneys for Appellant

## **TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . .   ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

TABLE OF STATUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iv

STATEMENT OF APPELLATE JURISDICTION . . . . . . . . . . . . . .   1

ISSUES PRESENTED AND STANDARD OF REVIEW . . . . . . . . .   1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

CONCLUSION   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

REQUEST FOR HEARING . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

CERTIFICATE OF  SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

# TABLE OF AUTHORITIES

## CASES

In re Stanley, 66 F. 3d 664, 667 (4th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

In Re Johnson, 960 F. 2d 396, 399 (4th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


Crowder, et al. v. Master Financial, Inc., et al. 176 Md. App. 631; 933 A.2d 905 (2007)   3

Wellington Company, Inc. Profit Sharing Plan and Trust v. Shakiba, 180 Md. App. 576,
    952 A2d 328 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# **TABLE OF STATUTES**

28 U.S.C. section 158(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Bankruptcy Procedure 8001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Bankruptcy Procedure 8002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Bankruptcy Procedure 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Maryland Annotated Code, Courts & Judicial Proceedings Section 5-102(a) . . . . . 3

Maryland Annotated Code, Courts & Judicial Proceedings Section 5-101 . . . . . . . 3

Federal Rule of Bankruptcy Procedure 8012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA MARIA BARNES-DUCAN          :
                                  :
      Appellant               :
                                  :
v.                                :     Case No.: 09cv1178
                                  :
ESTATE OF MORRIS BATTLE           :
LANE PLOTKIN                      :
JOHN ARNESS, III                  :
LIEBNER & PLOTKIN, P.C.           :
TIMOTHY P. BRANIGAN               :
                                  :
      Appellees               :

ooo0ooo

## STATEMENT OF APPELLATE JURISDICTION

This Count has appellate jurisdiction pursuant to 28 U.S.C. section 158(a)(1) and Fed. R. Bankr.. 8001 and 8002. The Bankruptcy Court after a hearing on competing Motions for Summary Judgment on July 19, 2007 determined that the Deed of Trust on appellant's property held by the Estate of Morris Battle was valid and subsisting and entered an order to that affect on August 6, 2007. The appellant filed a timely Notice of Appeal.

## ISSUES PRESENTED AND STANDARD OF REVIEW

This case presents the question of whether the Bankruptcy Court erred in determining that the Deed of Trust involved herein was a contract with a Twelve (12) year limitation rather than a contract with a Three (3) year limitation.

The appellant filed an adversarial proceeding against the appellees. Both plaintiff and defendants filed competing Motions for Summary Judgement. The Court granted partial summary judgments to all parties and entered its rulings based upon a finding of law.

The bankruptcy court's conclusions of law are reviewed de nova. Its findings of fact are reviewed for clear error. Fed. R. Bankr. P. 8013; First National Bank of Md v. Stanley (In re Stanley), 66 F. 3d 664, 667 (4th Cir. 1995), In Re Johnson, 960 F. 2d 396, 399 (4th Cir. 1992).

1

In this case, the Bankruptcy Court entered summary judgment. Thus, the Court's ruling is reviewed de novo.

## STATEMENT OF THE CASE

On August 22, 1991, Appellant executed a promissory note and a deed of trust (Trust) securing the note in the amount of $47,500.00 in favor of Morris Battle. See Trust attached hereto as Exhibit A. The terms of the note required appellant to begin monthly payments of 681.49 on the 22nd day of every month starting on September 22, 1991 and continuing until February 22, 1992 at which time the balance due and owing on the note would be due and payable. In exchange for executing the note and trust in his favor, Morris Battle permitted appellant to sell her parcel of real property in the District of Columbia in which he had a lien interest. Morris Battle allowed the sale without full satisfaction of his lien interest at the time of sale because the property was being sold for less than the amount of debt it secured. Appellant made no payments on the note. The note was discharged in a prior bankruptcy.

On March 9, 2006, appellant filed another bankruptcy and an adversarial proceeding was subsequently filed by the appellant. Competing motions for summary judgment were filed by the parties. The Bankruptcy Court ruled on August 7, 2007 that the Deed of Trust was valid and subsisting and the appellant filed a timely appeal.

## ARGUMENT

The Bankruptcy Court erroneously found that the Deed of Trust herein (attachment A) was valid and subsisting after an adversarial hearing on competing motions for summary judgment. (See decision entered August 6, 2007 - Exhibit B) The Court had previously discharged the note and the appellant, therefore, had no personal liability. There was no reaffirmation agreement regarding the note. The sole issue involved in this matter is the validity and enforcement of Deed of Trust signed by the appellant in favor of Morris Battle.

The appellant believes the Deed of Trust in question involves a three (3) year statute of

2

limitations. The Deed was due and payable on February 22, 1992. The Deed was not signed "under seal" and as such is not to be considered a "specialty" with a twelve (12) year statute of limitations as provided in the Maryland Annotated Code, Courts & Judicial Proceedings (CJP) section 5-102(a). Since there was no seal next to the signature of the appellant and no intent shown by the parties that the Deed of Trust was signed under seal, the applicable statute of limitations is the one generally applicable to Civil Actions under CJP Section 5-101, i.e., three (3) years from the date the action accrued. Crowder, et al. v. Master Financial, Inc., et al. 176 Md. App. 631; 933 A.2d 905 (2007); Wellington Company, Inc. Profit Sharing Plan and Trust v. Shakiba, 180 Md. App. 576, 952 A2d 328 (2008).

The Deed of Trust does not recite any words to indicate the parties intended to have the document executed under seal. In fact, the parties signed purposefully on lines which did not contain the word (seal).

## CONCLUSION

For the reasons stated above, the appellant believes the erroneous decision of the Bankruptcy Court must be reversed.

Respectfully submitted,

/S/Joseph L. Gibson, Jr.
**Joseph L. Gibson, Jr.**
6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
(301) 277-0770
**Attorney for Appellant**

## REQUEST FOR HEARING

Pursuant to Fed. Bankr. P. 8012 appellant requests a hearing.

/S/Joseph L. Gibson, Jr.
**Joseph L. Gibson, Jr.**

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of January, 2010, a copy of the foregoing Appellants Brief was mailed by first-class mail, postage prepaid to:

Estate of Morris Battle
1725 Wisconsin Avenue
Washington, DC 20016

Lane Potkin
1725 Wisconsin Avenue
Washington, DC 20016

John Arness, III
1725 Wisconsin Avenue
Washington, DC 20016

Lane Potkin, PC
1725 Wisconsin Avenue
Washington, DC 20016

Timothy P. Branigan, Esquire,
Chapter 13 Trustee
P.O. Box 1902
Laurel, Maryland 20725-1902.

/S/Joseph L. Gibson, Jr.
**Joseph L. Gibson, Jr.**