# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| DONNA M. BARNES-DUNCAN, | : | Bankruptcy Case No. 06-1-1284-PM |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |
| | : | |
| DONNA M. BARNES-DUNCAN, | : | |
| | : | |
| Apellant, | : | |
| v. | : | Civil No. RWT 09cv1178 |
| | : | Bankruptcy Appeal |
| TIMOTHY P. BRANIGAN, TRUSTEE, | : | |
| | : | |
| Appellee. | : | |
| | : | |

**BRIEF OF THE APPELLEE,
TIMOTHY P. BRANIGAN, TRUSTEE**

Timothy P. Branigan (Fed. Bar No. 06295)
Chapter 13 Trustee
P.O. Box 1902
Laurel, Maryland  20725-1902
(301) 483-9118
(301) 483-9497 (facsimile)
cmecf@chapter13maryland.com

## TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| I. | STATEMENT OF THE BASIS OF APPELLATE JURISDICTION | 1 |
| II. | STATEMENT OF THE ISSUES PRESENTED AND STANDARDS OF APPELLATE REVIEW | 1 |
| III. | STATEMENT OF THE CASE | 1 |
| IV. | ARGUMENT | 5 |
| | A. The Debtor Fails to Address the Order on Appeal | 5 |
| | B. The Case Was Properly Dismissed for the Failure to Confirm a Plan | 5 |
| V. | CONCLUSION | 7 |

- ii -

# TABLE OF AUTHORITIES

| **Case** | **Page** |
|---|---|
| Deans v. O'Donnell, 692 F.2d 968 (4th Cir. 1982) | 5 |
| In re Johnson, 960 F.2d 396 (4th Cir. 1992) | 3 |

| **Statute** | **Page** |
|---|---|
| 11 U.S.C. § 1307(c) | 6 |
| 11 U.S.C. § 1324(b) | 4 |
| 11 U.S.C. § 1325(a) | 5, 6 |

| **Other Authorities** | **Page** |
|---|---|
| Fed. R. Bankr. P. 2003(b) | 4 |

**I.      STATEMENT OF THE BASIS OF APPELLATE JURISDICTION.**

This Court has appellate jurisdiction over this bankruptcy appeal from the final order of the Hon. Paul Mannes, Bankruptcy Judge (the "Bankruptcy Court"), denominated Order with Notice Dismissing Chapter 13 Case after Failure to Confirm Plan and Notice that Automatic Stay Is Terminated entered in the bankruptcy case on the 14th day of April 2009 (the "Dismissal Order") under 28 U.S.C. § 158.

**II.     STATEMENT OF THE ISSUES PRESENTED AND STANDARDS OF APPELLATE REVIEW.**

The issue on appeal is whether the Bankruptcy Court erred in dismissing the Chapter 13 case for the failure to confirm a plan after more than three years had passed since the commencement of the case.

The Bankruptcy Court's findings of fact are reviewable for clear error, and its legal conclusions are subject to *de novo* review.  In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992); Fed. R. Bankr. P. 8013.

**III.    STATEMENT OF THE CASE.**

Donna M. Duncan-Barnes ("Debtor") commenced the bankruptcy case by filing a bankruptcy petition under Chapter 13 on March 9, 2006.  The Debtor, who is an attorney, had been the subject of a prior Chapter 13 case, Bankruptcy Case No. 04-3-1353-PM, in which identical issues had been raised.  The Debtor was attempting to save from foreclosure her home located at 9010 Watkins Road, Gaithersburg, Maryland, which is situated on over 11 acres.

The Debtor's primary dispute was/is with the Estate of Morris Battle.  That is not to say that the Debtor does not have other creditors.  The Debtor's schedules[1] reflect three other

---

[1]    Bankruptcy Docket No. 50.

lienholders on the realty, the Internal Revenue Service as a priority creditor, and five unsecured creditors.

The Bankruptcy Code contemplates a quick individual reorganization under Chapter 13. To that end a confirmation hearing is required within 45 days of the meeting of creditors,[2] which must be held within 50 days of the meting of creditors.[3] To accommodate the Debtor's dispute with the Estate of Morris Battle, the Bankruptcy Court held and continued a confirmation hearing on numerous occasions, including:  May 23, 2006; June 27, 2006; October 31, 2006; January 16, 2007; May 1, 2007; July 17, 2007; November 29, 2007; January 29, 2008; July 22, 2008; August 5, 2008.[4]  Finally, at the confirmation hearing held on December 9, 2008, the Bankruptcy Court denied confirmation without leave to amend, and an Order to that effect was entered the following day.[5]  The Order provided that the Debtor had 14 days to voluntarily dismiss the case or convert it to a case under Chapter 7, or the case would be dismissed.  At that time, the Debtor's second amended Chapter 13 Plan[6] was before the Bankruptcy Court.  The plan specifies that the Debtor will pay $1,500 per month for 12 months until a refinance is completed. Since 33 months of payments were due at the time, the Debtor should have paid either $49,500 or $18,000 plus refinance proceeds – in essence, the plan should have been completed by its own terms.  The Trustee was holding $3,115, which has since has been returned to the Debtor.[7]  The last payment made by the Debtor was posted on December 10, 2007.  That is, the Debtor had not made a plan payment for almost a year prior to the December 9, 2008 confirmation hearing.

---

[2]   11 U.S.C. § 1324(b).

[3]   Fed. R. Bankr. P. 2003(a).

[4]   Bankruptcy Docket No. 37a, 43, 53, 60, 83, 98, 120, 122, 150

[5]   Bankruptcy Docket No. 176.

[6]   Bankruptcy Docket No. 137.

[7]   See Bankruptcy Docket No. 198.

The Debtor sought reconsideration of the December 10 Order.  After a hearing on February 17, 2009, the Bankruptcy Court denied the request,[8] and the Dismissal Order was entered in due course.  The Debtor noted this appeal on April 21, 2009.[9]

## IV.     ARGUMENT.

### A.     The Debtor Fails to Address the Order on Appeal.

The Dismissal Order is the basis for the appeal.  The Appellant's Brief simply does not address the dismissal of the case or the underlying failure to confirm a plan more than three years after the bankruptcy petition had been filed.  Instead, the Debtor continues her dispute with the Estate of Morris Battle, which is not even an appellant to this appeal.  The brief is a non sequitur.  It is aimed at issues that are pending before the United States Court of Appeals for the Fourth Circuit in No. 09-2152.  The Debtor has failed to meaningfully prosecute this appeal, and, accordingly, the appeal should be denied.

### B.     The Case Was Properly Dismissed for the Failure to Confirm a Plan.

The requirements for confirmation of a Chapter 13 plan are set out in section 1325(a) of the Bankruptcy Code.  Section 1325(a)(6) requires that the "debtor will be able to make all plan payments under the plan and to comply with the plan."  A Chapter 13 plan of reorganization is in the nature of a binding contract that is drafted by the debtor.  In this case, the Debtor's plan was patently unconfirmable – it had expired by its own terms, and it had not been completed.  The Debtor had not made a plan payment for a year prior to the final confirmation hearing.  The Debtor failed to sustain her burden of proof that the plan was feasible under section 1325(a)(6).

The test for confirmation of a plan is based on the totality of the circumstances.  <u>Deans v. O'Donnell</u>, 692 F.2d 968, 972 (4th Cir. 1982).  Nothing in the circumstances of the bankruptcy

---

[8]     Bankruptcy Docket 188.

[9]     Bankruptcy Docket No. 193.

case indicate that any plan would ever be confirmable. The Bankruptcy Court was extremely generous in continuing confirmation ten times. The Debtor had not made plan payments, had not obtained refinancing for her property, and suggested no other means to satisfy her creditors. The Trustee is holding no funds to disburse. The Debtor has not advised this Court of what the terms of plan might look like if, *arguendo*, the dismissal was vacated. The Bankruptcy Code requires any plan to be completed within 60 months of the petition date[10] – i.e., March 9, 2011 in this case. At this juncture, it is evident that the Debtor could not propose, confirm, and complete a plan by March 11, 2011, rendering the relief sought pointless.

Section 1307(c)(1) and (5) of the Bankruptcy Code provide that a Chapter 13 case can be dismissed for cause, including, respectively, "unreasonable delay by the debtor that is prejudicial to creditors," and "denial of confirmation of a plan under section 1325 of this title and denial of a request for additional time for filing another plan or modification of a plan." Because the Debtor failed to confirm a plan for over three years, the bankruptcy case was properly dismissed under section 1307(c)(5). The prejudice to creditors engendered by the delay to confirm a plan is plain under section 1307(c)(1). The Bankruptcy Court was correct in dismissing the case, and the Dismissal Order should be affirmed.

---

[10]   11 U.S.C. § 1322(d).

**V.     CONCLUSION.**

For the foregoing reasons, the Dismissal Order should be affirmed.

Respectfully submitted,

January 27, 2010

     /s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)
Chapter 13 Trustee
P.O. Box 1902
Laurel, Maryland  20725-1902
(301) 483-9118
(301) 483-9497 (facsimile)
cmecf@chapter13maryland.com

**Certificate of Service**
_____

I hereby certify that, to the extent that the following persons were not served electronically via the CM/ECF system, I caused a copy of the foregoing to be sent on January 27, 2010 by first-class U.S. mail, postage prepaid to:

| | |
|---|---|
| Donna Barnes-Duncan<br>PO Box 5332<br>Gaithersburg, MD  20882 | Joseph Gibson, Esq.<br>6811 Kenilworth Avenue, #210<br>Riverdale, MD  20737 |

     /s/ Timothy P. Branigan
Timothy P. Branigan