IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA MARIA BARNES-DUCAN         :
                                 :
    Appellant                    :
                                 :
v.                               :    Case No.: 09cv1178
                                 :
ESTATE OF MORRIS BATTLE          :
LANE PLOTKIN                     :
JOHN ARNESS, III                 :
LIEBNER & PLOTKIN, P.C.          :
TIMOTHY P. BRANIGAN              :
                                 :
    Appellees                    :

ooo0ooo

**APPELLANT'S REPLY BRIEF TO
APPELLE'S BRIEF**

    Comes now Appellant and states that the issue before this Court is as follows:

Did the Bankruptcy Court error when it ruled that the lien on the Appellant's property held by the Estate of Morris Battle was valid?

    The Appellant filed this appeal with the District Court for the District of Maryland after being advised to do so in the Order Denying Motion to Reconsider and Revoke Order Denying Debtor's Chapter 13 Plan Without Leave To Amend filed on February 19, 2009 in Bankruptcy Case No. 06-11284. ( Appellant Affidavit pgs. 52-53)(Exhibit 1)

    The Order stated in part:

> "This Motion comes before this Court for hearing on February 17, 2009, and the Court having considered the record declines to alter its prior rulings, particularly as to the viability of the lien held by the Estate of Morris Battle.  The appropriate forum to challenge the correctness of that ruling or any other final decision of this court is the United States District Court for the District of Maryland".

    The argument posed in Appellant's brief is premised upon Maryland Code Courts

and Judicial Proceeding 5-101 which states the following:

A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.:

On August 22, 1991, Appellant gave a Promissory Note and Deed of trust in the amount of $47,500.00 to the decedent, Morris Battle(hereinafter referred to as "Battle") This amount represented the short fall from the sale of 128 Bryant Street, N.W. Washington, DC. The Appellant purchased the property from Battle who financed the sale and secured the financing with a Deed of Trust on the same date as the sale of the property. The Appellant, on August 22, 1991, gave Battle a Promissory Note for the $47,500.00 secured by a Deed of Trust secured by Appellant's home in Montgomery County, Maryland. The Deed of Trust was recorded in the Land Records of Montgomery County, Maryland in Liber 9932 at Folio 078. The Deed of Trust is not under Seal. The signatures do not have the word "seal" behind their names and there is no mention in the body of the Deed of trust that the Deed of Trust is a specialty and to have a statute of limitations of 12 years at outlined in Maryland Code, Court and Judicial Proceeding, 5-102.

The Note was Discharged in Appellant's Bankruptcy No. 91-44901. There is no argument that the lien survived the Bankruptcy Discharge. The Issue before the Bankruptcy Court and this Court is whether the Statute of Limitations had run before an action to collect under the Deed of Trust was initiated, i.e. Was the lien held by the Estate of Morris Battle Valid.

In 2004, the Estate of Morris Battle attempted to collect on the Note from the Appellant Personally and did, in fact, obtain a Judgment against the Appellant

in the Circuit Court of Montgomery County, Maryland.  An Adversary Proceeding was initiated by Appellant in the Bankruptcy Court in an effort to have the illegal judgment obtained in the Circuit Court vacated.  The Bankruptcy Court, in case number 06-11284, while deciding the validity of the judgment obtained by the Estate of Morris Battle, rendered a decision as to the validity of the lien of the Estate of Morris Battle.  It is that decision that is being appealed before this Court, not the issue raised by the Appellee Timothy P. Branigan in his brief.

Appellant argues that the decision rendered by the Bankruptcy Court in 06-11284 is in error for the reasons cited in the brief presented to this court.  While it has been argue by the Appellee that the issue before this Court is before the United States Court of Appeals, Appellant must state that the statement is in error.  The case before the United States Court of Appeals is American Bank v Donna Marie Barnes-Duncan, 09-2152.  That case concerns a different  lender, lien and issues.

## CONCLUSION

For the reasons stated above and in Appellant's brief, Appellant believes the decision rendered in Bankruptcy Case No 06-11284 as to the lien of the Estate of Morris Battle is erroneous as a matter of law and must be reversed.

Respectfully submitted,

/s/Joseph L. Gibson, Jr.
**Joseph L. Gibson, Jr., Bar No. 03861**
6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
(301)277-0770
**Attorney for Apellant**

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of February, 2010, a copy of the foregoing

Appellant's Reply Brief to Apellee's Brief was mailed by first-class mail, postage prepaid to:

Estate of Morris Battle  
1725 Wisconsin Avenue  
Washington, DC 20016

Lane Potkin  
1725 Wisconsin Avenue  
Washington, DC 20016

John Arness, III  
1725 Wisconsin Avenue  
Washington, DC 20016

Lane Potkin, PC  
1725 Wisconsin Avenue  
Washington, DC 20016

Timothy P. Branigan, Esquire,  
Chapter 13 Trustee  
P.O. Box 1902  
Laurel, Maryland 20725-1902.

/S/Joseph L. Gibson, Jr.  
**Joseph L. Gibson, Jr.**