## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **DONNA MARIA BARNES-DUNCAN,** | * | |
| | * | |
| Appellant | * | |
| | * | |
| v. | * | Case No.: RWT 09cv1178 |
| | * | |
| **TIMOTHY P. BRANIGAN, TRUSTEE,** | * | |
| | * | |
| Appellee. | * | |
| | * | |

## MEMORANDUM OPINION

This bankruptcy appeal is an example of being in the wrong place at the wrong time.

## BACKGROUND

On March 9, 2006, Debtor/Appellant Donna Maria Barnes-Duncan ("Appellant") filed a bankruptcy petition under Chapter 13 in the United States Bankruptcy Court for the District of Maryland (the "Main Proceeding").  *See In re Barnes-Duncan*, No. 06-bk-11284 (Bankr. D. Md. Mar. 9, 2006).   The Main Proceeding spawned several adversary proceedings, including an action (the "Adversary Proceeding") brought by Appellant against John Arness III, Lane Plotkin, Liebner & Plotkin, P.C., and the Estate of Morris Battle ("Defendants").  *See Duncan v. Arness*, No. 06-ap-01615 (Bankr. D. Md. Aug. 21, 2006).   The Adversary Proceeding related to a debt owed by Appellant to the Estate of Morris Battle which was secured by a deed of trust ("1991 Deed of Trust") on Appellant's residence located at 9010 Watkins Road, Gaithersburg, Maryland.

In the Adversary Proceeding, Judge Mannes on August 6, 2007 granted in part the parties' cross-motions for summary judgment, finding that on at least one occasion Defendants violated the discharge injunction but that the 1991 Deed of Trust represented a valid and

subsisting lien. *See* Paper Nos. 49 & 50, *Duncan v. Arness*, No. 06-ap-01615 (Bankr. D. Md. Aug. 6, 2007).[1]   After conducting a trial on May 14, 2008, the Bankruptcy Court entered judgment in favor of Appellant as to Count I (violation of discharge injunction) and dismissed Count II (breach of fiduciary duty), Count III (invasion of privacy), and Count IV (defamation). *See* Paper Nos. 65 & 72, *Duncan v. Arness*, No. 06-ap-01615 (Bankr. D. Md. May 30, 2008 & June 10, 2008).   Appellant subsequently filed an untimely Motion for Leave to File Notice of Appeal, *see* Paper No. 77, *Duncan v. Arness*, No. 06-ap-01615 (Bankr. D. Md. June 24, 2008), which the Bankruptcy Court denied, *see* Paper No. 79, *Duncan v. Arness*, No. 06-ap-01615 (Bankr. D. Md. June 26, 2008).

In the Main Proceeding, the Bankruptcy Court on December 10, 2008, after numerous continuances, denied confirmation without leave to amend or file a third amended plan or modification of a plan. *See* Paper No. 176, *In re Barnes-Duncan*, No. 06-bk-11284 (Bankr. D. Md. Dec. 10, 2008).   Appellant sought reconsideration of the order, and after a hearing, the Bankruptcy Court denied the request. *See* Paper No. 188, *In re Barnes-Duncan*, No. 06-bk-11284 (Bankr. D. Md. Feb. 19, 2009).   On April 15, 2009, the Bankruptcy Court dismissed the case and lifted the automatic stay. *See* Paper No. 190, *In re Barnes-Duncan*, No. 06-bk-11284 (Bankr. D. Md. Apr. 15, 2009).   Also, the order noted that it did not moot the appeal pending from the Bankruptcy Court's order in *another* related adversary proceeding brought by American Bank against Appellant.[2]   *See id*.

---

[1] Appellant included in her designation of items on appeal the Bankruptcy Court's order, *see* Paper No. 50, but not the accompanying memorandum of decision, *see* Paper No. 49.   *See* Paper No. 7.

[2] This Court, on September 23, 2009, affirmed the Bankruptcy Court's June 25, 2008 order in adversary proceeding No. 07-ap-00428 brought by American Bank against Appellant.   *See* Paper No. 13, *American Bank v. Barnes-Duncan*, No. 08-cv-1976 (D. Md. Sept. 23, 2009).   The Bankruptcy Court had held that American Bank's lien had terminated and was unenforceable under Maryland law because an irrebutable presumption of payment applied after the passage of twelve years since the last payment date called for in the deed of trust.   American Bank's appeal is currently pending before the Court of Appeals for the Fourth Circuit.   *See generally American Bank v. Barnes-Duncan*, No. 09-2152 (4th Cir. Oct 8, 2009).

Appellant, proceeding *pro se*, filed a notice of appeal in the Main Bankruptcy Case on April 21, 2009, and her appeal was transmitted to this Court on May 7, 2009.  *See* Paper No. 1. After several show cause orders and extensions of time,[3] Appellant eventually filed a brief on January 15, 2010.  *See* Paper No. 9.  Appellee Timothy P. Branigan, Trustee, then filed a brief in response, *see* Paper No. 10, and Appellant filed a reply brief, *see* Paper No. 13.

Pursuant to Federal Rule of Bankruptcy Procedure 8006, Appellant presents the following issue on appeal:

> Whether the United States Bankruptcy Court erred in dismissing Count II, Count III, and Count IV of the Appellant's First Amended Complaint and whether the Court erred concluding that the Deed of Trust held by Morris Battle dated August 22, 1991, recorded in Liber 9932, at Folio 078, among the land records of Montgomery County, Maryland against the Debtors' principal residence was valid.

*See* Paper No. 7.  In her brief, Appellant argues that the Bankruptcy Court in the Adversary Proceeding erroneously found that a twelve year – rather than three year – statute of limitations applied to the 1991 Deed of Trust pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-102(a).  *See* Appellant's Brief at 2-3.  Appellant argues that the Bankruptcy Court's order dated August 6, 2007 in the Adversary Proceeding incorrectly found that the Deed of Trust was valid and

---

[3] Having heard nothing from the parties, the Court on September 9, 2009 ordered that Appellant show cause why her appeal should not be dismissed for failure to comply with Federal Rules of Bankruptcy Procedure 8006 and 8009. *See* Paper No. 2.  Appellant, *pro se*, responded to the order, *see* Paper No. 3, and the Court entered a briefing schedule, *see* Paper No. 4.  Appellant then retained counsel, and the Court granted an extension of time.  *See* Paper No. 6.

Although Appellant filed before the deadline a designation of the items to be included in the record on appeal and a statement of the issue to be presented, *see* Paper No. 7, Appellant failed to file a brief.  The Court again ordered that Appellant show cause why her appeal should not be dismissed for failure to prosecute.  *See* Paper No. 8.

However, instead of explaining why her appeal should not be dismissed, Appellant merely filed a delinquent brief containing one page of argument regarding the merits of the appeal.  *See* Paper No. 9.  Subsequently, in response to the Court's *third* order to show cause, counsel for Appellant explained that his "paralegal erroneously advised [him] that the appellant's brief was due by January 15, 20010 [sic], but did [sic] advise him of the appellant's statement that a Show Cause response was due by January 15, 2010."  Paper No. 12.

The Court reminds counsel for Appellant that the buck stops with him.  He is responsible for monitoring the docket, a burden that has become significantly easier since the introduction of electronic filing.  He cannot be heard to blame what is clearly his error on "a mistaken interpretation by [his] paralegal."  Paper No. 12.

subsisting.  *See id.* at 2; *see also* Paper No. 50, *Duncan v. Arness*, No. 06-ap-01615 (Bankr. D. Md. Aug. 6, 2007).

Appellee responds that this issue is not properly before the Court because the instant appeal is from the Main Bankruptcy Proceeding, not the Adversary Proceeding.  *See* Appellee's Brief at 5.  Furthermore, Appellee asserts that the Bankruptcy Court's final judgment dismissing the Main Bankruptcy Proceeding for failure to confirm a plan was proper.  *See* Appellee's Brief at 5-6.

## STANDARD OF REVIEW

In reviewing a bankruptcy appeal, this Court reviews the Bankruptcy Court's findings of fact for clear error, *see* Fed. R. Bankr. P. 8013, and its conclusions of law *de novo*.  *See In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001); *In re Stanley*, 66 F.3d 664 (4th Cir. 1995).

## ANALYSIS

An adversary proceeding is an action brought within a bankruptcy proceeding for one or more of the reasons articulated in Federal Rule of Bankruptcy Procedure 7001.  *See* Fed. R. Bank. P. 7001; *see also In re Duncan*, 448 F.3d 725, 727 n.1 (4th Cir. 2006).  An adversary proceeding "is treated as a separate dispute between the Debtor and Creditor, subject to the procedural guidelines and safeguards contained in the Federal Rules of Civil Procedure."  *In re Banks*, 299 F.3d 296, 301 (4th Cir. 2002) (citing Fed. R. Bank. P. 7001).

Parties in bankruptcy proceedings and adversary proceedings may appeal as of right a "judgment, order, or decree" of a bankruptcy judge to a federal district court.  *See* Fed. R. Bank. P. 8001(a); *see also* 28 U.S.C. § 158(1).  The notice of appeal must be filed within fourteen days[4] of the date of the entry of the judgment, order, or decree appealed from.  *See* Fed. R. Bank. P.

---

[4] At the time Appellant's Main Bankruptcy Proceeding and Adversary Proceeding were pending, the time to appeal was ten days.  As of December 1, 2009, Bankruptcy Rule 8002(a) has been amended to allow for fourteen days.  *See* Fed. R. Bank. P. 8002(a).

8002(a).  Parties may also seek leave to appeal an interlocutory judgment, order, or decree by filing a motion for leave together with a notice of appeal.  *See* Fed. R. Bank. P. 8001(b); *see also* 28 U.S.C. § 158(3).

Although as a general matter appeal from a final judgment preserves all issues addressed in previous interlocutory orders, *see In re J.T.R. Corp.*, 958 F.2d 602, 604 n.1 (4th Cir. 1992), an appeal in an underlying bankruptcy proceeding does not preserve issues raised in related adversary proceedings.

Because Appellant here filed a notice of appeal from a final judgment in the *Main Bankruptcy Proceeding*, the issue of whether the Bankruptcy Court's order dated August 7, 2007 in the *Adversary Proceeding* regarding the continuing validity of the 1991 Deed of Trust has not been preserved.[5]  The notice of appeal itself clearly indicates that Appellant sought review of the

---

[5] A review of the record on appeal reveals that Barnes-Duncan, proceeding *pro se*, argued in three motions for reconsideration filed in the Main Bankruptcy Proceeding that the lien held by the Estate of Morris Battle on her home was invalid because the three year statute of limitations had expired.  *See* Paper No. 99, *In re Barnes-Duncan*, No. 06-bk-11284 (Aug. 8, 2007); Paper No. 102, *In re Barnes-Duncan*, No. 06-bk-11284 (Aug. 15, 2007); Paper No. 182, *In re Barnes-Duncan*, No. 06-bk-11284 (Dec. 12, 2009).

The record on appeal also reveals that the Bankruptcy Court, on at least two occasions, referenced the validity of the lien in the Main Bankruptcy Proceeding.  First, in a memorandum directed to the parties in interest in (i) "two adversary proceedings" – including the Estate of Morris Battle – and (ii) "one objection to a claim in the bankruptcy case of Donna Maria Barnes-Duncan," the Bankruptcy Court urged the parties to engage in voluntary mediation.  *See* Paper No. 112, *In re Barnes-Duncan*, No. 06-bk-11284 (Oct. 22, 2007).  The Bankruptcy Court noted in its memorandum that several issues had been settled by the court or were not in dispute, including the fact that the Estate of Morris Battle "holds a claim secured by a valid lien upon the subject property."  *See id.*  It is clear that the Bankruptcy Court was not deciding the issue, but rather acknowledging that it had previously been resolved in an adversary proceeding.

Second, the Bankruptcy Court in its order denying Barnes-Duncan's motion to reconsider stated that it "decline[d] to alter its prior rulings, particularly as to the validity of the lien held by the Estate of Morris Battle."  *See* Paper No. 188, *In re Barnes-Duncan*, No. 06-bk-11284 (Feb. 19, 2009).  The court further observed that "[t]he appropriate forum to challenge the correctness of that ruling or any other final decision of this court is the United States District Court for the District of Maryland."  *Id.*  Despite Appellant's argument to the contrary, *see* Appellant's Reply Brief at 1, the Bankruptcy Court was not suggesting that it had ruled on the validity of the lien in the Main Bankruptcy Proceeding or that an appeal of that proceeding would preserve the statute of limitations issue.

Rather, the validity of the lien held by the Estate of Morris Battle was clearly at issue in the Adversary Proceeding and was resolved – as acknowledged by Appellant, *see* Appellant's Brief at 2 – by the Bankruptcy Court's August 6, 2007 memorandum opinion and order granting, in part, cross motions for summary judgment, *see* Paper Nos. 49 & 50, *Duncan v. Arness*, No. 06-ap-01615 (Bankr. D. Md. Aug. 6, 2007).

Main Bankruptcy Proceeding; it states that the appeal was taken from "Case No. 06-11284PM" (the Main Bankruptcy Proceeding) and that the debtor appeals from the judgment, order, or decree of the bankruptcy judge entered on April 15, 2009 (the date of the dismissal of the Main Bankruptcy Proceeding). *See* Paper No. 1. As a result, the Estate of Morris Battle – a party to the Adversary Proceeding and the real party in interest as to the validity of the lien – is not now before the Court.[6]

Moreover, even if the Court were to find that Appellant, on April 21, 2009, intended to file the notice of appeal in the Adversary Proceeding but inadvertently filed it in the Main Proceeding, her appeal would nonetheless be untimely under the Federal Rules of Bankruptcy Procedure because it was filed approximately nine months after judgment was entered in the Adversary Proceeding and after that action had been closed. If Appellant wished to preserve the issue regarding the validity of the lien, she should have timely filed a notice of appeal in the Adversary Proceeding.

Appellant has failed to direct the Court to any errors in the Main Bankruptcy Proceeding, and the Court has found none. Because Appellant failed to confirm a plan more than three years after filing her petition and she elected not to convert the Chapter 13 case to a case under another chapter, the Bankruptcy Court correctly dismissed the action for cause. *See* 11 U.S.C.

---

Moreover, it appears that Barnes-Duncan filed an action on or about August 18, 2003 against the Estate of Morris Battle in the Circuit Court for Montgomery County in which Barnes-Duncan challenged – as she does again here – the validity of the lien based on statute of limitations grounds. *See Barnes-Duncan v. Estate of Morris Battle*, No. 245044V (Aug. 18, 2003). The Circuit Court entered judgment in favor of the Estate of Morris Battle and the Court of Special Appeals of Maryland dismissed Barnes-Duncan's appeal. *See* Paper No. 49, *Duncan v. Arness*, No. 06-ap-01615 (Bankr. D. Md. Aug. 6, 2007). Accordingly, even if the issue of the validity of the lien had been preserved on appeal from the Bankruptcy Court, the doctrines of res judicata and collateral estoppel would bar this Court from considering the statute of limitations question.

[6] The fact that Appellant listed in her notice of appeal the Estate of Morris Battle, the United States Department of Agriculture, and Ashok Jashnani as parties to the judgment, order, or decree appealed from has no affect whatever on the scope of the appeal since only Barnes-Duncan and Branigan, Trustee, were parties in the Main Bankruptcy Case.

§ 1307(c)(1) & (5).   Accordingly, the Court affirms that the Bankruptcy Court properly dismissed Appellant's case for failure to confirm a plan.

A separate Order follows.

February 26, 2010                                 _____/s/_____
Date                                                   Roger W. Titus
                                                        United States District Judge