IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONNA MARIA BARNES-DUNCAN | : | |
| Appellant | : | |
| v. | : | Case No.: RWT 09cv1178 |
| TIMOTHY P. BRANIGAN, TRUSTEE | : | |
| Appellee | : | |

ooo0ooo

## MOTION TO REVIEW, ALTER AND AMEND DECISION

Comes now, Appellant, through counsel, and moves this Honorable Court to Review, Alter and Amend the Memorandum Opinion and decision rendered in the above referenced appeal. The Memorandum Opinion and Order were entered on March 1, 2010. The Memorandum contains errors of fact that if corrected may have impacted the Court's decision. Although this Motion contains numerous attachments, Appellant believes that such attachments are necessary to give the Court a complete understanding why Appellant believes that the Court's Opinion contains factual errors.

### JURISDICTION STATEMENT

The jurisdiction for the Court to hear this matter is pursuant to Rule 60 of the Federal Rules of Civil Procedure.

1. **HISTORY OF THE CASE**

In 1991, the Appellant filed a Chapter 7 Bankruptcy in case no. 91- 44901. Morris Battle, (hereinafter referred to as "Battle") filed a proof of claim to collect $47,500.00 on a Note signed by the Appellant on August 22, 1991. The Note was to be paid in five

installment payments and a sixth balloon payment for the full balance due on the Note was to be paid on or before February 22, 1992.  A Discharge was granted in the Chapter 7 case on March 4, 1993 thereby relieving Appellant of all personal obligations.

The lien on Appellant's property securing the Discharged Note passed through the Bankruptcy and remained valid.

Battle died in February, 2002.  On July l4.2003, Appellant received a request from counsel for the Personal Representative of the Battle Estate demanding payment of the Note plus interest (Attachment "A").  Appellant filed case no. 245044 on August 18, 2003 as a Complaint to Clear Title in the Montgomery County Circuit Court.  A hearing was held in this case and judgment was entered against the Appellant PERSONALLY. (Attachment "B".  No written decision was entered in the case as to the Complaint. An appeal was filed with the Court of Special Appeals as to the validity of the Note. In a non-published decision, the Court of Special Appeals remanded the case back to the Circuit Court. after determining the appeal to be premature (Attachment "C") after closely reviewing the attachments entered in this Motion, the Court will note that the footnote on Page 6 of the Memorandum Opinion is incorrect. No decision has been rendered as to the validity of the lien on the property in the Circuit Court or the Court of Special Appeals. . There is no res judicata or collateral estoppel impeding this Court from addressing the issue of the lien held by Battle..

    2.      **AFFIRMATION OF BANKRUPTCY COURT'S DECISION**

The Court in its Memorandum Opinion explained that the appeal before the court was filed untimely as it was an appeal from a decision of the Bankruptcy Court in Adversary Proceeding 06-ap-1615(Bankr. D. Md. Aug. 21,2006).  Appellant avers that the appeal is filed timely as it is an appeal of an issue presented in the main bankruptcy case. The issue of the lien of Battle was noted in Schedule D filed by the Appellant/Debtor. (Attachment "D").  An Objection

to the Battle claim and an Amended Objection to the Battle claim were filed by the Appellant/Debtor. (Attachment "E") A Response was filed by the Claimant. (Attachment "F"). Although the Claimant alleged that the Deed of Trust was under seal, the Court has only to review the Deed of Trust to verify that the Deed of Trust is not under seal. (Attachment "G). Thus, the issue of the lien was presented in the Main Bankruptcy Proceeding. The Order issued on February 19,2009, directing the Appellant to file an appeal of the issue involving the lien, correctly addressed an issue presented to the Bankruptcy Court in the main Bankruptcy case. (Attachment "H"). The Complaint filed by the Appellant in the Adversary Proceeding, 06-1615, presented four issues to the Court; Count One- Violation of the Bankruptcy Discharge, Count Two-Breach of Fiduciary Duty, Count Three- Invasion of Privacy, Count Four -Defamation-Libel (Attachment "I"). The issue of the lien was not raised by the Appellant in Adversary Proceeding 06-1516. It was raised in the Main Bankruptcy case.

    The Order issued in the main Bankruptcy case on February 19,2009, stated The following:

> " This Motion comes before the court for hearing on February 17,2009, and the court having considered the record declines to alter its prior rulings, particularly as to the Validity of the lien held by the Estate of Morris Battle. The appropriate forum to challenge the correctness of that ruling or any other final decision of this ourt is the U"ted States District Court for the District of Maryland". (Attachment H).

    This Order specifically directs the Appellant to file an appeal with the Federal District Court. While the Court has stated that an appeal should have been filed when the Court rendered a decision in the Adversary Proceeding 06-1615, Appellant avers that the Appeal filed with the Court is timely as the February 19,2009 Order issued in the Main Bankruptcy case addressed an issue raised in the main bankruptcy case. As such, the appeal from that Order is timely.

    **WHEREFORE**, the above premises considered, Appellant prays:

    (1).    That the Court revisit its decision affirming the Bankruptcy Court's decision to

dismiss Appellant's Bankruptcy case as it was filed timely.

    (2).    That the Court review the Deed of Trust and brief filed in this case and issue

A ruling stating that Statute of Limitations to collect under the Deed of Trust has run and

All efforts to collect under it are barred by case law and the Maryland Code.

    (3).    For such other and further relief as this Honorable Court deems just and

proper.

    Respectfully submitted,

/S/Joseph L. Gibson, Jr.
**Joseph L. Gibson, Jr.** (Fed. Bar No 03861)
6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
(301) 277-0770
**Attorney for Appellant**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 11th day of March, 2010, a copy of the foregoing Motion to Review, Alter and Amend Decision was mailed by first-class mail, postage prepaid to:

Estate of Morris Battle
1725 Wisconsin Avenue
Washington, DC 20016

Lane Potkin
1725 Wisconsin Avenue
Washington, DC 20016

John Arness, III
1725 Wisconsin Avenue
Washington, DC 20016

Lane Potkin, PC
1725 Wisconsin Avenue
Washington, DC 20016

Timothy P. Branigan, Esquire,
Chapter 13 Trustee
P.O. Box 1902
Laurel, Maryland 20725-1902.

/S/Joseph L. Gibson, Jr.
**Joseph L. Gibson, Jr.**